UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Marious Sowell, | ) | CASE NO. 1:10CV2377 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| Warden, Southern Ohio Correctional Facility, | ) | |
| | ) | **MEMORANDUM OF OPINION AND ORDER** |
| Respondent. | ) | |

This action is before the Court upon objections filed by Petitioner Marious Sowell, asserting error in the Report and Recommendation ("the R&R") of Magistrate Judge Greg White. The Court ADOPTS the R&R (Doc. 15) in its entirety. The Petition is DENIED.

Where objections are made to a magistrate judge's R&R this Court must:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).  The Court has reviewed *de novo* the R&R as it relates to Sowell's objection.  The objection lack merit.

**I.     Analysis**

   **A. Indictment**

Sowell first contends that the R&R erred when it found no error in the form of Sowell's indictment with respect to his burglary charge.  Sowell's objections here are two-fold.  Initially,

Sowell contends that the R&R improperly concluded that AEDPA deference applied to his claim.  Next, Sowell asserts that even with deference, his claim has merit.

The Court need not reach the merits of Sowell's contentions regarding deference under the AEDPA.  Assuming *arguendo* that the state court failed to give reasons for rejecting Sowell's federal claim and further assuming *arguendo* that a *de novo* review applies, Sowell's claim lacks merit.

In this ground for relief, Sowell contends that his due process rights were violated when the indictment failed to specify the underlying criminal offense that supported his charge of burglary.  There is no dispute that the R&R properly identified the federal law at issue:

> Our prior cases indicate that an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.  Undoubtedly the language of the statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged.

*Hamling v. United States*, 418 U.S. 87, 117-118 (1974).  Furthermore, Sowell does not dispute that the indictment must be read as a whole to determine whether he was properly placed on notice of the charges against him.

The R&R concluded that Sowell was properly apprised of the underlying felony because the indictment also included a charge of tampering with evidence.  The R&R went on to note that the transcript reflects that Sowell's defense counsel was clearly aware of this fact and even argued the insufficiency of the evidence with respect to the tampering charge in conjunction with his insufficiency argument regarding the burglary charge.  Sowell's objections do not dispute this

fact. Instead, Sowell appears to argue that the indictment was insufficient because the State of Ohio did not maintain a specific theory at different levels of appellate review.

Sowell's argument in that regard would more properly be characterized as an assertion that his due process rights were violated by an amendment or variance to the indictment.[1] Sowell, however, never advanced this argument at any stage of his state court proceedings or his federal habeas proceeding. Instead, Sowell appears to argue that because the State of Ohio may have construed the indictment more broadly than permissible, he was not placed on proper notice of the charges against him. However, the R&R properly read the indictment as a whole and properly concluded that it placed Sowell on notice of the charges against him. *See Frazier v. Mitchell*, 188 F.Supp. 2d 798, 828 (N.D.Ohio 2001) reversed on other grounds by *Frazier v. Huffman*, 343 F.3d 780 (6th Cir. 2003).

> "Even if a reading of the burglary charge in the context of the other charges in the indictment failed to apprise the petitioner of the nature of the underlying felony, the burglary charge nonetheless met due process requirements. *See West v. Johnson*, 92 F.3d 1385, 1396 n. 15 (5th Cir.1996) (where indictment, alleging merely "burglary of a habitation" satisfied requirements of state law, habeas relief not warranted).

*Frazier*, 188 F.Supp.2d at 828.

In that regard, the Court would note that the State of Ohio has previously held that the underlying criminal offense that supports a burglary charge is not an *element* of the offense of burglary. Relying heavily on *Schad v. Arizona*, 501 U.S. 624 (1991), the Ohio Supreme Court found that the underlying offense was not an element of burglary, but rather a means of

---

[1] "An *amendment* of the indictment occurs when the charging terms of the indictment are altered, either literally or in effect, by prosecutor or court after the grand jury has last passed upon them. A *variance* occurs when the charging terms of an indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment." *United States v. Ford*, 872 F.2d 1231, 1235 (6th Cir. 1989) (quoting *Gaither v. United States*, 413 F.2d 1061, 1071 (D.C. Cir. 1969)).

satisfying the mens rea element. *See State v. Gardner*, 118 Ohio St.3d 420 (2008). Accordingly, the court therein approved of jury instructions that allowed a jury to disagree on the underlying offense, but still unanimously agree that burglary had been committed. As such, even Sowell's argument that the State of Ohio raised different theories than the one contained in the indictment cannot offer him relief.

Upon a *de novo* review of the R&R and the underlying state court decision, the Court finds that Sowell was properly apprised of the charges against him. Accordingly, his due process argument fails.

### B. Preservation of Exculpatory Evidence

Sowell next contends that the R&R erred when it found that the state court made no error in determining that a destroyed videotape was not materially exculpatory evidence. The Court finds no merit to this objection.

Sowell again admits that the state court and the R&R properly identify the federal law at issue, namely *California v. Trombetta*, 467 U.S. 479 (1984) and *Arizona v. Youngblood*, 488 U.S. 51 (1988). Sowell contends that videotape surveillance that was destroyed was materially exculpatory. In rejecting this claim, the state court and the R&R found that trial testimony about the videotape indicated as follows: "[T]he pictures itself were very grainy, and they were very hard to describe what you were seeing." Doc. 12-5 at 200. "I believe we – there was people – two individuals who came through the hotel. However, you could not make out any description of them." Doc. 12-5 at 200. "It – it was very undiscernible." Doc. 12-5 at 201. Defense counsel also inquired as follows:

> "Were you present when – or did you watch any of the taped footage of the individuals by the grease pit?
>
> "It didn't pick up anything."

"What do you mean it didn't pick up anything?"

"Because of the way the camera skips, it's not – it doesn't record in real-time."

Doc. 12-5 at 202. Despite this testimony, Sowell's objection contends "even if the defendants were unrecognizable, the tape would have shown whether Sowell and/or Harris stopped or dallied near the grease pit[.]" Doc. 18 at 19. As the testimony makes clear that the tapes would not have been helpful in determining this fact, Sowell cannot succeed on his claim that the tape was materially exculpatory.

Instead, the R&R and the State of Ohio properly concluded that the evidence was, at best, potentially useful. As Sowell raises no argument that the review under this standard was improper and the Court has rejected any alternative standard, this objection is overruled.

### C. Sufficiency

Sowell next contends that his due process rights were violated because there was insufficient evidence to support his convictions. The Court finds no merit in this contention.

Sowell's sole argument with respect to this claim is that the State's expert testimony regarding gunshot residue was equivocal. Specifically, Sowell contends that the State's expert conceded that the residue on Sowell's right hand could have come from 1) firing the weapon, 2) handling the weapon shortly after it was fired, or ) being near the weapon when it was fired. Sowell asserts that since only one of these theories results in his guilt, the evidence against him was insufficient to prove his guilt beyond a reasonable doubt. This argument ignores the remaining evidence against him. Furthermore, it wholly ignores the analysis performed by the state appellate court and the analysis within the R&R.

For example, Chantez Moore, one of the victims shot during the nightclub fight, testified that Sowell's co-defendant, Nathaniel Harris, could not have been the individual that shot him.

5

Specifically, Moore testified that he was on top of Harris, punching him, when he was shot. Thus, Moore's testimony, when viewed in a light most favorable to the prosecution, strongly supported a finding that Sowell was the shooter. Additional circumstantial evidence also supported Sowell's guilt. He and Harris fled immediately after the altercation – a clear indicator of guilt. Moreover, there was no dispute that he and Harris entered the hotel and offered a hotel employee $1,000 to be shown an alternate exit. Furthermore, there is no dispute that the gun found in the grease vat of the hotel fired the bullets recovered from the shooting victims. Accordingly, there was substantial circumstantial evidence that pointed to Sowell's guilt, well beyond the gunshot residue testimony. This objection lacks merit.

### D. **Ineffective Assistance of Counsel**

Sowell next contends that the R&R erred in its analysis of his ineffective assistance of counsel claims. The Court disagrees.

Initially, to the extent Sowell's argued his counsel was ineffective for failing to challenge his indictment and failing to raise a challenge to the destruction of evidence, the claim lacks merit. As noted above, there was no error in the proceedings as it relates to these issues. As such, they cannot support a claim of ineffective assistance of counsel.

Sowell also contends that his counsel was ineffective for failing to seek to exclude the state's expert regarding gunshot residue and failing to object to prosecutorial misconduct. The R&R properly noted that Sowell never fully articulated his argument regarding exclusion of the gunshot residue in state court. Sowell appears to contend that page limitations prohibited him from doing so. Sowell has offered no legal authority that would suggest that he can be relieved of his obligation to demonstrate error due to page limitations. This argument, therefore, is rejected. As Sowell never provided any argument to the state court, beyond a citation to *Daubert*,

this Court cannot conclude the state court was unreasonable in rejecting his assertion that counsel was ineffective for failing to move to strike this testimony.

Additionally, the R&R properly rejected Sowell's claim that counsel was ineffective for failing to object to prosecutorial misconduct. Once again, Sowell failed to identify in his argument to the state court any particular prosecutorial misconduct. It was not until these federal proceedings that Sowell highlighted any particular questioning or comments by the prosecutor that he believes involved misconduct. While this alone is sufficient to overrule his objection, the Court notes that the R&R also properly concluded that the state was surprised by the testimony of its own witnesses, thereby allowing impeachment. Moreover, the R&R also properly found that any alleged misconduct was so minimal in the overall context of the case that it did not result in reversible error, let alone a constitutional violation. Accordingly, Sowell's final objection is overruled.

## II.    Conclusion

The Court hereby ADOPTS the Report and Recommendation in its entirety. Sowell's Petition for Habeas Corpus is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. There is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

February 21, 2012                                /s/ John R. Adams
                                                 JUDGE JOHN R. ADAMS
                                                 UNITED STATES DISTRICT COURT